Filed 7/6/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>REGINALD C. TYLER,<br><br>    Defendant and Appellant. | A172375<br><br>(San Francisco City & County<br>Super. Ct. No. CRI1390246) |

In 1994, a jury convicted Reginald Tyler of the second degree murder of Louise Manigo. Decades later, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.), which altered liability for murder to ensure " 'that a person should be punished for [their] actions according to [their] own level of individual culpability.' " (*People v. Curiel* (2023) 15 Cal.5th 433, 448.) The bill also established a procedure, now codified in Penal Code section 1172.6, for previously convicted defendants to petition for resentencing under the changed laws.[1] Tyler filed such a petition, which the trial court denied after holding an evidentiary hearing.

On appeal, Tyler contends that the trial court failed to apply the correct standard of proof at the hearing because it described the prosecution as having to prove beyond a reasonable doubt, not that he is guilty of second degree murder, but that he "could be convicted" of it under current law. The Attorney General counters that Tyler forfeited the argument by failing to

---

[1] All further statutory references are to the Penal Code.

object in the trial court, and that in any event the full context of the trial court's remarks shows that there was no error.

We affirm the judgment because the trial court elsewhere described the standard of proof correctly and, considering all of its statements in context, we are satisfied that it applied the proper standard. Nonetheless, because we are aware that this issue arises with some frequency, we publish this opinion to emphasize that the "could be convicted" standard does not apply at an evidentiary hearing under subdivision (d) of section 1172.6, and that when this language appears in the record, it can warrant reversal in the absence of other clarifying information.

## BACKGROUND

We begin with an overview of the process for a section 1172.6 resentencing petition to provide context for the facts that follow.

### I.

"[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met . . . ." (*People v. Strong* (2022) 13 Cal.5th 698, 708.) Under section 1172.6, subdivision (a), eligibility requirements include: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . . ; [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder; and [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1,

2

2019." (§ 1172.6, subd. (a).)  "A facially sufficient petition . . . triggers the People's duty to submit a response and the petitioner's right to submit a reply on the question of whether a prima facie case for relief exists." (*People v. Patton* (2025) 17 Cal.5th 549, 559.)

After the prosecutor and the petitioner submit briefs, the trial court holds a hearing to determine whether the petitioner has shown a prima facie case.  (§ 1172.6, subd. (c).)  At this stage, the court assesses the record of conviction to see if it demonstrates that relief is unavailable.  (*People v. Patton, supra*, 17 Cal.5th at p. 567.)  Regarding the third prong of section 1172.6, subdivision (a), the trial court must evaluate whether the petitioner could have been convicted under a now-invalid theory.  (See *People v. Curiel, supra*, 15 Cal.5th at p. 471.)  If the record forecloses such a possibility, the court dismisses the petition.  (*Id.* at p. 470.)  If it does not, and the petitioner has otherwise made a satisfactory showing, the court issues an order to show cause.  (*Ibid.*)

The court then holds an evidentiary hearing at which "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder" under current California law.  (§ 1172.6, subd. (d)(1).)  "A finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid.*)  The trial court assumes the role of independent fact finder.  (*People v. Vargas* (2022) 84 Cal.App.5th 943, 951.)

At the conclusion of the hearing, if the prosecution has failed to carry its burden, the court vacates the conviction and resentences the petitioner on any remaining counts.  (§ 1172.6, subd. (d)(3).)  If the prosecution has proved its case, the conviction stands.

3

## II.

Tyler filed a petition for resentencing challenging his second degree murder conviction. The prosecutor conceded that Tyler had shown a prima facie case, and the court agreed. The court issued an order to show cause and set an evidentiary hearing.

In his briefing before the hearing, Tyler correctly set forth the applicable standard of proof: "This court sits as a factfinder and applies the reasonable doubt standard, without regard to what the jury might or could have done had felony murder been off the table . . . . Further, 'substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' "

At the outset of the hearing, the court stated that "the People have the burden of proving the case beyond a reasonable doubt . . . ." The court proceeded to hear testimony from two expert witnesses. Before hearing argument, the trial court initiated a discussion with the lawyers to clarify the ground on which Tyler was basing his argument. During the discussion, the court referred to the burden on the prosecution to prove beyond a reasonable doubt that Tyler "could be convicted" of second degree murder under current law. The parties agreed with the court's summary of the contested issue, and Tyler did not object to the court's use of the phrase "could be convicted." At another point, the court interrupted the prosecutor's argument to return to what issue the evidentiary hearing was meant to address. The court used the "could be convicted" language two more times. Again Tyler did not object to the court's formulation.

The court issued its decision some months later, reciting the standard of proof three times. It began by stating: "[T]he issue here is whether the evidence shows beyond a reasonable doubt that Mr. Tyler is guilty of second-

4

degree murder as second-degree murder is currently constituted in Penal Code Sections 188 and 189." It also stated that "the Court is tasked, then, with making a determination whether based on the evidence that was provided, Mr. Tyler's guilty beyond a reasonable doubt of second-degree murder, again under a theory that's currently accepted as the law of the State of California." The court concluded by stating, "So taking in its totality all of the evidence in the case, current law as defined, the Court finds beyond a reasonable doubt that Mr. Tyler's guilty of second-degree murder and the petition . . . is denied."

The court noted that, in addition to hearing testimony from the two experts, it read and considered:  the parties' pleadings; the exhibits to the pleadings, which included the information on which Tyler was convicted, the abstract of judgment, excerpts from the jury trial transcript; the instructions given to the jury, and the jury's verdicts; and current jury instructions.  The instructions included CALCRIM No. 220, which describes what reasonable doubt means and how a fact finder applies the standard of proof.  Other instructions the court reviewed addressed how a fact finder evaluates direct and circumstantial evidence, witness testimony, conflicting evidence, credibility, and prior statements.  (See CALCRIM Nos. 223, 224, 226, 301, 302, 316, 318, & 333.)

Because Tyler's only challenge to the trial court's ruling concerns whether the court applied the correct standard of proof, we need not analyze or summarize all the factual issues, evidence, or theories of guilt addressed at the evidentiary hearing.  We observe, however, that the court discussed evidence it had received.  It noted that the evidence established that Tyler was experienced with firearms, and that the court considered that fact.  The court also noted that it paid particular attention to evidence relating to

Tyler's "state of mind and how he was exhibiting that state of mind." This evidence included the testimony of the second expert at the hearing. After direct and cross-examination, the court asked the witness multiple follow up questions.

## DISCUSSION

Tyler argues that the trial court failed to apply the appropriate standard of proof because it stated at the evidentiary hearing that the prosecution needed to prove beyond a reasonable doubt that Tyler "could be convicted" of second degree murder under current law. He claims that these remarks show that the court incorrectly applied a substantial evidence standard rather than acting as an independent fact finder. We disagree.

When the court announced its decision, it repeatedly and exclusively used phrasing that showed its correct understanding that it was an independent fact finder applying the standard of proof. Nowhere did the court suggest that it believed its task was to determine if a jury could find that Tyler was guilty beyond a reasonable doubt. Instead it framed its task as "making a determination whether based on the evidence that was provided, Mr. Tyler's guilty beyond a reasonable doubt of second-degree murder, again under a theory that's currently accepted . . . ." Applying that standard, the court answered the question affirmatively, warranting the denial of Tyler's petition.

The trial court's discussion of its process further supports the conclusion that there was no error. The court noted particular evidence with the implication that *it* found the evidence relevant. The court did not refer to what a reasonable trier of fact could find or mention the substantial evidence standard. In addition, the court indicated that it had reviewed Tyler's brief,

6

which correctly laid out the court's role of independent fact finder applying the reasonable doubt standard.

When the court referred several times to whether Tyler "could be convicted," it was in the context of discussing the parties' substantive arguments. Tyler's counsel's lack of objection tends to confirm that she understood the court was focused on a substantive legal issue, not on setting forth, incorrectly, its understanding of the standard of proof.[2]

The "could be convicted" language in the record here and in other cases may owe something to the third prong of section 1172.6, subdivision (a)(3), which requires that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189." At the prima facie stage, trial courts accordingly evaluate whether the petitioner *could have been convicted* under a now-invalid theory. Although the same language misdescribes the standard of proof at an evidentiary hearing, we are aware that it can, and does, creep in, leading to claims of the sort that Tyler has advanced here. Some published decisions have repeated it without identifying it as problematic. (See, e.g., *People v. Player* (2026) 119 Cal.App.5th 931, 942 [noting the trial court "found beyond a reasonable doubt that defendant could be convicted under current law either as the actual killer or as a major participant acting with reckless indifference"]; *People v. Martinez* (2025) 108 Cal.App.5th 329, 335; *People v. Ocobachi* (2024) 105 Cal.App.5th 1174, 1183; *People v. Jones* (2022) 86 Cal.App.5th 1076, 1082–1083.) Of course, courts need not identify problems that the parties themselves have not, and we do not suggest that this language *necessarily*

---

[2] In so observing, we are not relying on a conclusion that Tyler forfeited the issue. Rather, we are pointing out that his own counsel's failure to take issue with the court's language confirms our inference that the court simply spoke loosely while focused on an issue other than the standard of proof.

reflects a misunderstanding of the standard of proof. For example, courts may describe the inquiry this way because they have in mind that the petitioner has already been convicted under prior law and the evidentiary hearing is not the equivalent of a new trial. (See *People v. Vargas, supra*, 84 Cal.App.5th at p. 952.) We cite these cases simply to convey a sense of the frequency with which this issue may arise.

In this case, the trial court made clear its correct understanding of the law when it ruled on Tyler's motion. But records do not always disclose as much. Because the "could be convicted" formulation is out of place in an evidentiary hearing under subdivision (d) of section 1172.6, we encourage trial courts and the lawyers who appear in those proceedings to guard against language that might suggest the application of an incorrect standard of proof.

## DISPOSITION

The judgment is affirmed.

GOLDMAN, J.

WE CONCUR:

STREETER, Acting P. J.
SWEET, J.*

---

*Judge of the Marin Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

| | |
|---|---|
| Trial Court: | San Francisco City and County Superior Court |
| Trial Judge: | Honorable Brendan P. Conroy |
| Counsel for Defendant and Appellant: | Matthew Alger, under appointment by the Court of Appeal |
| Counsel for Plaintiff and Respondent: | Rob Bonta<br>Attorney General of California<br>Charles C. Ragland<br>Chief Assistant Attorney General<br>Jeffrey M. Laurence<br>Senior Assistant Attorney General<br>Sarah J. Farhat<br>Supervising Deputy Attorney General<br>Katherine Mueller<br>Deputy Attorney General |